2011 UT App 34

**STATE of Utah, in the interest of H.P. and J.P., persons under eighteen years of age.**

**R.P., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20100980–CA.**

Court of Appeals of Utah.

Jan. 27, 2011.

---

2. As the prevailing party on appeal did not seek an award of attorney fees, we award none. *See* Utah R.App. P. 24(a)(9).

R.P., Poway, California, Appellant Pro Se.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges DAVIS, McHUGH, and THORNE.

## DECISION

**PER CURIAM:**

¶ 1 R.P. appeals the juvenile court's review order entered on November 17, 2010. We dismiss the appeal.

¶ 2 Rule 55(a) of the Utah Rules of Appellate Procedure provides that in child welfare matters, the petition on appeal must be filed with the appellate clerk within fifteen days of the filing of the notice of appeal or the amended notice of appeal. *See* Utah R.App. P. 55(a). "If the petition on appeal is not timely filed, the appeal shall be dismissed." *Id.*

¶ 3 On November 29, 2010, R.P. filed his notice of appeal. However, R.P. did not file the petition on appeal until December 20, 2010. Thus, the petition on appeal was not timely filed and we are required to dismiss the appeal.

¶ 4 Even had the petition on appeal been timely filed, this court would have been required to dismiss the appeal because the appeal was not taken from a final, appealable order. The Utah Rules of Appellate Procedure provide that a party may appeal from final, appealable orders and judgments. *See* Utah R.App. P. 3(a). In child welfare proceedings, appeals may be heard from more than one final judgment. *See In re A.F.*, 2006 UT App 200, ¶ 8, 138 P.3d 65. However, a final, appealable order "is one that ends the current juvenile proceedings, leaving no question open for further judicial action." *Id.*

¶ 5 The November 17, 2010 review order scheduled this matter for a continuing review hearing to be held on February 16, 2011. Because the review order set this case for ongoing review and left questions open for further judicial action, the review order is not a final, appealable order. *See id.*

¶ 6 Accordingly, this appeal is dismissed without prejudice to the filing of a timely appeal from a final order.